(Law Library)

IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2012 AUG 29 AM 8: 54

CLERK OF COURT

THE PEOPLE OF GUAM,                  )     CRIMINAL CASE NO. CF0033-10
                                     )
       vs.                           )
                                     )     DECISION AND ORDER
                                     )     ON DEFENDANTS' MOTION TO
CHARLES E. SCHARFF II,               )     DISMISS
ROSEMARIE EVANGELISTA,               )
JOAQUIN MAFNAS PANGELINAN, JR.,      )
IGNACIO SANTOS PALACIOS,             )
                                     )
                 Defendants.         )
_____)

This matter came before the HONORABLE VERNON P. PEREZ on July 18, 2012 for the Defendants' Motion to Dismiss. Attorney Nelsen J. Werner appeared on behalf of the Government. Attorney Jeffrey Moots represented Defendant Joaquin Mafnas Pangelinan, Jr., who was present. Attorney John C. Terlaje represented Ignacio Santos Palacios, who was present. Attorney Darleen E. Hiton represented Charles E. Scharff II, who was present. Julie R. Rosete represented Rosemarie Evangelista, who was present. Having reviewed the pleadings, the arguments presented and the record, the Court now issues the following Decision and Order.

## BACKGROUND

The Defendants are charged with theft by receiving, conspiracy and criminal facilitation. Defendant Joaquin Mafnas Pangelinan Jr. requests dismissal of the Superseding Indictment as he argues that the Government failed to satisfy the statute of limitations when charging the crimes alleged. All other Defendants have joined in the motion.

## DISCUSSION

The Defendants move this Court to dismiss the Superseding Indictment on the basis that the People failed to charge the crimes alleged within the time limits provided under 8 GCA §§ 10.30 and 10.20(c). More specifically, the Defendants argue that the Government failed to commence prosecution within three years of the alleged felony offense. The Government concedes that the Superseding Indictment added two charges that came after three years in violation of 8 GCA § 10.20(c). The Government does not object or oppose the Court dismissing

*People v. Scharff II., et al.,*
Decision and Order (Motion to Dismiss)
Criminal Case No. CF0033-10                     - Page 1 of 3 -

charge two and three of the Superseding Indictment. Thus, the charges of conspiracy and criminal facilitation will be dismissed. The only issue here is whether the first charge may stand.

The Government's main contention in opposition to the motion is that charge one of the Superseding Indictment was also present in the original indictment.[1] In both indictments, the Defendants are charged with receiving stolen property which is a crime of theft under 9 GCA § 43.50(a). The Government contends that this charge should withstand dismissal because any time concerns relate back to the initial indictment and the commencement of prosecution at that time was within three years of the offense.

The Defendants point out that the initial indictment contains eight counts while the Superseding Indictment contains twelve counts. Defendants argue that the additional counts would be in violation of 8 GCA § 10.20(c). The Defendants conclude on this point by suggesting that even if the first charge of the Superseding Indictment withstands dismissal, the four additional counts should be dismissed as untimely.

As to the first point of issue, the Court agrees with the Government that the theft by receiving charge relates back to the initial indictment. As long as the initial indictment was timely under 8 GCA § 10.20(c) the charge may stand in the Superseding Indictment. Theft occurring where the item's value is over $1,500.00 is a second degree felony. 9 GCA § 43.20. As charged, the Defendants face felony charges because the alleged stolen property received is well over $1,500.00. Thus, the three year statute of limitation provided under 8 GCA § 10.20(c) is the applicable time restraint to commence prosecution.

The offenses allegedly occurred between August and September in 2007. Prosecution of the alleged offenses started on July 14, 2010 when the grand jury handed down an indictment. As explained above, the Government has three years to commence prosecution. 8 GCA § 10.20(c). Here, the Government had until September of 2010 indict the Defendants. The initial indictment was timely and the Superseding Indictment relates back to July 14, 2010 because it

---

[1] The Defendants raise issue with the phrasing used by the Government in bringing the initial indictment. The Court finds the language used to adequately inform the Defendants of the crime alleged against them. The language cites to the specific statute, which clearly allows the Defendants to prepare a defense against the crime of theft by receiving stolen property as provided under 9 GCA § 43.50(a).

*People v. Scharff II., et al.,*
Decision and Order (Motion to Dismiss)
Criminal Case No. CF0033-10                    - Page 2 of 3 -

did not broaden the scope of the charge of theft by receiving. *United States v. Grady*, 544 F.2d 598, 601 (2nd Cir. 1976); *see also United States v. Salmonesse*, 352 F.3d 608 (2nd Cir. 2003); *United States v. Ratcliff*, 245 F.3d 1246, 1252-53 (11th Cir. 2001). Thus, the Court finds that even though the Superseding Indictment came long after the three year deadline to commence prosecution, it is still timely as it relates back to the earlier indictment and Charge One did not broaden the scope of the initial indictment. The Court concludes that the first charge withstands dismissal and the Defendants' motion must be denied in part.

As to the four additional counts in the Superseding Indictment, the Court had more difficulty in coming to a conclusion. Notice is the key to a proper indictment. Here, the Defendants were aware of the charge they were facing relating to their alleged activities. The initial indictment included the statute in which the Defendants were charged with violating. A simple reading of 9 GCA § 43.50(a) would provide any defendant with adequate notice that theft by receiving stolen property is illegal and the process to raising potential defenses could begin. Yet, the real issue is whether the additional counts expand the scope of the initial indictment? The Court read the language in both indictments and finds that the language used provides adequate notice to the Defendants. The Court concludes that adding newly discovered victims in a superseding indictment does not broaden the scope of the initial indictment. It is common for facts to develop after an indictment is handed out in a criminal action. Here, the discovery of more specific information allowed the Government to charge additional counts. The Court finds the additional four counts to be timely as they stem from the same charge existing in the initial indictment.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss in part and DENIES in part. The conspiracy and criminal facilitation charges are hereby DISMISSED with prejudice.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

AUG 2 9 2012
_____20___

*Jacqueline S.C. Terlaje*

Deputy Clerk, Superior Court of Guam

So **ORDERED** this 29th day of August, 2012.

Original Signed By:

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

*People v. Scharff II., et al.*,
Decision and Order (Motion to Dismiss)
Criminal Case No. CF0033-10                    - Page 3 of 3 -